IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BILL LIETZKE,<br><br>Petitioner,<br><br>v.<br><br>MARQUIRETTE'S,<br><br>Respondent. | REPORT AND RECOMMENDATIONS<br><br>Case No. 2:26-cv-00834-DBB-PK<br><br>District Judge David Barlow<br>Magistrate Judge Paul Kohler |

This action is referred to Magistrate Judge Paul Kohler under 28 U.S.C. § 636(b)(1)(B).[1] On September 11, 2026, this Court issued an Order to Show Cause to pro se litigant Plaintiff Bill Lietzke ("Mr. Lietzke).[2] In that Order, the Court asked Mr. Lietzke to show cause why the United States District Court for the District of Utah should not enter an order placing restrictions on Mr. Lietzke's filings in this District. Mr. Lietzke has not filed a response to the order, and the time within which to do so has expired. Furthermore, the undersigned recommends dismissal of Mr. Lietzke's action and addresses that issue first.

DISCUSSION

*A. Dismissal*

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which

[1] Docket No. 7.

[2] Docket No. 5.

relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim.

Here, Mr. Lietzke's latest filing is against what appears to be an Alabama entity and alleges no facts that would render the District of Utah an appropriate venue to address his grievances. His Complaint contains no other identifying information of the entity beyond the name, and when filling out the Civil Cover Sheet, Mr. Lietzke lists "unidentified" for the county of residence for the listed Defendant.[3] Furthermore, his filing contains no information or factual basis to support his assertion of federal question jurisdiction on the Civil Cover Sheet, nor does he provide any factual assertions to support his claim of "other civil rights" violations in the nature of suit section.[4] Lastly, Mr. Leitzke also provides no facts to support why he asserts unlawful detention in the cause of action section of the Civil Cover Sheet.[5] In light of these failings, the undersigned recommends dismissal of Mr. Lietzke's case for improper venue, lack of subject matter jurisdiction, and failure to state a claim.

*B. Restricted Filer Status*

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."[6] "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[7] Although "[l]itigiousness alone will

---

[3] Docket No. 1-1.

[4] *Id.*

[5] *Id.*

[6] *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

[7] *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

not support an injunction restricting filing activities," an injunction is "proper where the litigant's abusive and lengthy history is properly set forth."[8] Once shown, "[e]ven onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved."[9] Any filing restrictions imposed upon a litigant must "provide guidelines as to what the litigant may do to obtain . . . permission to file an action."[10] Further, before imposing filing restrictions, a litigant "is entitled to notice and an opportunity to oppose" the proposed restrictions.[11]

Accordingly, for the reasons set forth in detail in the Court's Order to Show Cause, the undersigned recommends to the District Court that Mr. Lietzke be placed on the court's restricted filer list, and that he be subjected to the following proposed filing restrictions:

1. Mr. Lietzke be enjoined from initiating future cases in this district unless he is either represented by a licensed attorney admitted to practice in this district; or
2. First obtains permission to proceed pro se. To obtain permission to proceed pro se in this district, Mr. Lietzke should be required to:
    a. Pay the full filing fee.
    b. File a Motion for Leave to File Pro Se Initial Pleading, which must include the following documents as attachments:
        i. The proposed initial pleading;
        ii. A copy of this Court's Order imposing filing restrictions;

---

[8] *Id.*

[9] *Id.* at 352 (quotations and citations omitted).

[10] *In re Raiser*, 293 F. App'x 619, 620 (10th Cir. 2008) (alteration in original) (quotations and citation omitted).

[11] *Tripati*, 878 F.2d at 354.

iii. A notarized affidavit or declaration, in proper legal form, that:

1. recites the claims Mr. Lietzke seeks to present, including a short discussion of the legal basis of the claims and the basis for the court's jurisdiction of the subject matter and parties;
2. certifies that, to the best of Mr. Lietzke's knowledge, his claims are not frivolous or made in bad faith; his claims are warranted by existing law or have a good faith argument for the extension, modification, or reversal of existing law; his new lawsuit is not initiated for any improper purpose; and he will comply with all applicable rules, including the Federal Rules of Civil Procedure and the District of Utah's Local Civil Rules; and
3. certifies that, if Mr. Lietzke's claims have previously been raised or he has previously sued the named defendants, the proposed new suit does not present the same claims that this or any other court has decided and explains why the new suit would not be an abuse of the legal system.

iv. A list, including case name and case number, of Mr. Lietzke's pending and previously filed cases in this court, which must include a statement indicating the status or disposition of each case; and

v. A list, including case name and case number, of all outstanding injunctions, contempt orders, or other judicial directions limiting Mr. Lietzke's access to state or federal courts, including orders and injunctions requiring him to be represented by an attorney.

If Mr. Lietzke files a Motion for Leave to File Pro Se Initial Pleading, the clerk should open a new civil case and file the motion in that case. Any such case should be assigned to a District Judge and referred to a Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) for review. If the Magistrate Judge determines that Mr. Lietzke's motion should be granted, the Magistrate Judge should enter an Order indicating that the case shall proceed in accordance with the Federal Rules of Civil Procedure and the District of Utah's Local Civil Rules. If the Magistrate Judge determines that Mr. Lietzke's motion should be denied, the Magistrate Judge should issue a Report and Recommendation to the District Judge. In that instance, the case should be permitted to proceed only with the District Judge's approval.

This Report and Recommendation serves as the required notice to Mr. Lietzke concerning the proposed filing restrictions above.[12] Mr. Lietzke's opportunity to be heard is provided through his ability to file objections to this Report and Recommendation as indicated below and also his missed opportunity to respond to the Order to Show Cause. Mr. Lietzke is hereby notified that "[t]he notice and opportunity requirement does not . . . require an in-person hearing in the district court."[13]

CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that

(1) this case be DISMISSED WITH PREJUDICE; and

(2) Mr. Lietzke be designated as a restricted filer in this district as detailed above.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and

---

[12] *Id.*

[13] *Id.*

Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 7th day of October 2026.

BY THE COURT

PAUL KOHLER
United States Magistrate Judge